## C. L. TREZEVANT V. J. J. TERRELL, COMMISSIONER.

No. 1620. Decided January 16, 1907.

**School Land—Lessee—Right to Purchase.**

The preference right to purchase school land, given to the lessee thereof by the Act of April 15, 1905, applies only to leases theretofore made (Laws 1905, p. 163). One who had acquired, prior to that time, only the right, under article 4218t, Revised Statutes, to obtain a lease if he should succeed in developing water on the land, was not a lessee, nor entitled to so purchase within the terms of such Act of 1905. (Pp. 289–291.)

Original petition to the Supreme Court for writ of mandamus against the Commissioner of the General Land Office.

*Sayles & Sayles,* for relator.

*R. V. Davidson,* Attorney-General, and *Wm. E. Hawkins,* Assistant, for respondent.

GAINES, CHIEF JUSTICE.—On the 12th day of June, 1906, the relator made application to the Commissioner of the General Land Office to purchase a section of school land, which lies in El Paso County. His application having been rejected, he brought this suit to compel the Commissioner to accept it.

The allegations of his petition briefly stated show the following facts: On January 26, 1905, one Mack Sayles made application to lease certain sections of land, including that in controversy, under article 4218t of the Revised Statutes. He gave bond as required by that article and complied with it in all other respects. On the 24th of April, next thereafter, he tendered to the Treasurer of the State one year's rental upon the lands, which the latter declined to receive for the reason that the Commissioner of the General Land Office had notified him officially that under the Act of 1905, which was then in force, no leases could be made until the 1st day of the following September. On the same day (April 24, 1905) he applied to the Commissioner for a

lease of the land, and his application was rejected. On the 18th day of the next October, the lease money was again tendered to the Treasurer and was accepted by him. Thereupon on the 20th day of the same month the Acting Commissioner executed to him a lease of the lands for the term of five years, beginning April 24, 1905. The entire lease was subsequently assigned to one Lillius and was by him assigned to the relator before he made his application to purchase.

The Act of 1905 gives to a lessor or to the assignee of an entire lease the right to purchase a complement of land out of the leased premises, but provides in express terms that the provision shall apply only to leases existing at the time of the passage of the Act. The Act was approved April 15, 1905, and took effect from that date.

The Commissioner rejected the application for the reason as he claimed, that the right of a lessee to purchase under the Act of 1905 was restricted to leases existing at the time that Act went into effect and that the lease of Mack Sayles was not in existence at that time. The provision of the Act named, which gives to a lessee a right to purchase lands subject to his lease, expressly declares that "the foregoing provisions shall apply only to leases heretofore made." (Laws of 1905, p. 163.) This presents the question in the case. In order to elucidate the point, we here copy so much of article 4218t of the Revised Statutes, under which the lease was applied for and under which it was finally executed, as bears upon the question: "Any person desiring to lease any portion of the lands aforesaid on which no permanent water supply exists, shall notify the Commissioner of the General Land Office in writing that he desires to lease lands, specifying and describing them, provided he can obtain the necessary supply of water by boring or otherwise, and that he will within ninety days lease said lands, provided such water supply can be obtained; he shall also make and file with the Commissioner of the General Land Office his bond, with good and sufficient personal security, in a sum equal to one year's rental of the quantity of land applied for, payable to the State of Texas, conditioned that he will diligently and in good faith try to secure water on such land during such ninety days, and if secured will lease the designated lands for the term prescribed herein, and thereupon the Commissioner shall for such ninety days withhold the lands thus designated from lease to any other person; within or at the expiration of said ninety days and annually thereafter such applicant to lease shall pay to the State of Texas, in advance, one year's rental of the land applied for by him, on satisfactory proof of which payment the Commissioner shall execute and deliver to the lessee a lease of the said lands, signed by himself officially and attested by the seal of the Land Office, together with which he shall deliver up the bond of said lessee, marked "Satisfied." If the said lessee shall fail to apply for his lease and make the payment aforesaid within said ninety days, and shall also within said ninety days fail to make proof to the satisfaction of the Commissioner of the General Land Office within that time that he has in good faith and diligently used proper means and expended proper efforts to secure a water supply on such land and failed, then and in that case the Commissioner shall mark said bond "Forfeited," and shall deliver the same to the Attorney-General of the State, who shall at once cause the said bond

to be sued upon and collected; and such collection shall become a part of the available school fund. The penalty stated in such bond is hereby declared to be liquidated damages, and judgment for that sum shall in all cases be recovered by the State. Proof satisfactory to the Commissioner of the General Land Office that proper, suitable and diligent effort had been made by such applicant to secure water, and that sufficient water could not be secured, shall relieve the principals and sureties on said bond from all responsibility therein, and it shall be marked "Satisfied" by said Commissioner and delivered to the principal therein," etc.

It is clear, that on the day the Act of 1905 took effect no formal lease had been executed. But it is argued, that Mack Sayles having preparatory to the execution of a final lease complied with all the requirements of article 4218t, became a lessee by operation of that article. We agree to the proposition that the statute might have been so constructed as to make an applicant under it a lessee from the time of making his application; but we are of the opinion that such is not the effect of the provision under consideration. The only right secured to him by its terms is that of obtaining a supply of water by boring or otherwise; and the exclusive privilege of leasing it for ninety days. His corresponding obligation is to try to secure water and to lease the land for the term designated provided it be secured. Of necessity he has the implied right to enter upon the lands for the purpose of obtaining water but for no other purpose. We find no element of a lease in the mutual obligations between him and the State created by an acceptance of the provisions of the law. A contract by which the owner of land agrees with another that upon the happening of a condition he will lease the land to him at a future day, is a contract to make a lease, but is not a lease until a lease is executed. It is true that in one part of the article he is spoken of as "said lessee," from which it is argued that he was considered a lessee from the time of his making his application and filing his bond. But we think that this was an inadvertence and that if the minds of the lawmakers had been directed to the point they would have used the word "applicant," as in a previous part of the article, or the words "the proposed lessee."

We think the writ of mandamus should be refused and it is so ordered.

*Mandamus refused.*